IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH GUARRASI,<br>Plaintiff<br><br>v.<br><br>COUNTY OF BUCKS *et al.*,<br>Defendants | CIVIL ACTION<br><br>NO. 10-1879 |

**Memorandum**

YOHN, J.                                                                                                                                                   April 6, 2011

Joseph Guarrasi, a *pro se* state prisoner and former attorney, has brought suit against twenty-two defendants under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 1987.[1] Guarrasi alleges that the defendants violated his constitutional rights under Articles I, IV, V, VI, VIII, and XIV by depriving him of an adequate post-deprivation remedy to retrieve his personal property seized on March 2, 2004. In an order dated March 28, 2011, I granted six motions to dismiss, thereby dismissing fifteen of the named defendants as parties to this suit.[2] Currently before the

---

[1] The defendants are County of Bucks, County of Montgomery, City of Hatboro (actually Borough of Hatboro) and the following individuals in their official and personal capacities: Donald G. Mather, Norman Kerner, Robert Hegele, Christopher McAteer, Timothy Carroll, Thomas G. Gambardella, Diane E. Gibbons, Martin McDonough, Robert M. Gorman, Terry J. Lachman, Michael Mosiniak, Bradley Zartman, Michael Walp, Pete Hower, Thomas Cuba, Michael Samios, Lisa M. Fryling, and unknown John Doe and Jane Doe, in custody or control of plaintiff's personal property.

[2] The following defendants were dismissed as parties to the suit: Cuba, Hower, Zartman, Borough of Hatboro, County of Montgomery, County of Bucks, Kerner, McAteer, Carroll, Gibbons, McDonough, Gorman, Lachman Mosiniak, and Walp.

1

court is defendant Gambardella's motion to dismiss. For the reasons set forth below, I will also grant Gambardella's motion to dismiss.

## I. Factual and Procedural History

The factual background relevant to this action has been fully set forth in my previous memorandum opinion. (Doc. 68.) I will therefore only briefly summarize the basis of the complaint and restate the facts relevant to the claim raised solely against Gambardella.

Guarrasi was arrested for various inchoate felonies[3] and his personal property was seized after his homes, office, vehicles, and person were searched on March 2, 2004, pursuant to a warrant and as a search incident to arrest. (Compl. ¶¶ 29, 37.) The seized property includes cash, guns, household items, personal records, credit and bank records, and various other documents. (*Id*. ¶ 31.) No property was forfeited or placed into evidence "at the termination of his criminal proceedings on May 25, 2005." (*Id*. ¶ 41.)[4] Guarrasi has continuously sought the return of his property since the seizure occurred on March 2, 2004. (*Id*. ¶ 42.)

Guarrasi received a letter on July 27, 2009, from the Bucks County Solicitor's Office stating that $2,000 of the money seized was, with Guarrasi's agreement, forfeited.[5] (*Id*. ¶ 65, Ex.

---

[3] On March 28, 2005, Guarrasi pleaded no contest to a charge of attempted murder and guilty to charges of attempted aggravated assault, attempted kidnaping, attempted burglary, and related counts.

[4] He was found guilty but mentally ill and was sentenced to six and a half to fifteen years of imprisonment.

[5] In the letter, the Assistant County Solicitor writes, "Further, enclosed please find Evidence/Property Receipt for the $2,000.00 in cash which was seized and ultimately forfeited, with your agreement, to the forfeiture fund." (*Id*. Ex. 23 "Letter 7/21/2009 Bucks County Solicitor.") Guarrasi did not provide a copy of the receipt for the $2,000 that was mentioned in the letter.

23 "Letter 7/21/2009 Bucks County Solicitor.") Guarrasi claims that this was the first time he was notified of the forfeiture and that he never consented to it. (*Id*. ¶ 72.) In response to Guarrasi's request for the chain of custody and the alleged forfeiture agreement, the Bucks County Solicitor explained that the forfeiture was pursuant to a verbal agreement made between Richard Fink, Guarrasi's attorney, and Gambardella before Judge Biehn "that took place in the hallway adjacent to Courtroom 1;" the agreement was that the forfeited funds could be used to purchase electronic surveillance equipment." (*Id*. ¶ 67, Ex. 25 "Letter 1/8/2010.") Gambardella believed that it was reduced to a writing or order, but he could not find a copy, and that the money was in the prosecutor's office's account and had not been spent. (*Id*.) Guarrasi did not receive, however, a chain of custody as requested. (*Id*. ¶ 68.) After hiring a private investigator who could not find any evidence of a forfeiture hearing, Guarrasi filed a right-to-know request. (*Id*. ¶ 69.) On February 2, 2010, Bucks County Open Records Officer Det. Lt. Gorman wrote to Guarrasi that the money was deposited in the bank on July 7, 2005, by order of Judge Biehn directing it be forfeited. (*Id*., Ex. 26 "Letter 2/2/2010 Gorman.") Guarrasi alleges that the letter did not provide a chain of custody or photocopy of the currency forfeited.[6] (*Id*. ¶¶ 69-70.)

---

[6] While it is true that no photocopies were provided, Exhibit 26 includes an Evidence/Property Receipt sent by Det. Lt. Gorman, which includes a description of the chain of custody. In the letter, Det. Lt. Gorman wrote that Guarrasi's request for a copy of the $2,000 in U.S. Currency seized from him (Evidence/Property Receipt, Control # 4666) has been approved and "any chain of custody for the same are enclosed." (*Id*., Ex. 26 "Letter 2/2/2010 Gorman.") An attachment to the letter states that
> Money was signed into evidence on March 4, 2004. It was held in evidence, until it was deposited into the bank on July 7th, 2005 by Order of Judge Biehn, directing it to be forfeited, and used by the County Detectives to purchase equipment. No photocopies of the money were ever produced.

(Id.) Also attached was Evidence/Property Receipt # 4666, which included the chain of custody of the $2,000 seized from Guarrasi. (*Id.*) The receipt indicates that the money was seized February 27, 2004. The receipt also has a hand-written note that states the search warrant and

3

Guarrasi questioned Fink about his participation in the forfeiture agreement, but Fink denied making such an agreement. (*Id*. ¶ 71.)

Guarrasi filed his complaint on July 1, 2010. Defendant Gambardella filed his motion to dismiss on March 8, 2011. I granted six motions to dismiss filed by other defendants on March 28, 2011.

**II. Legal Standard**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (2009).

In evaluating a motion to dismiss, "the factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. at 210-11. The assumption of truth does not apply to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Rather, the complaint must contain "'enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a

---

inventory sheet were attached, but they were not included in the Exhibit.

reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

**III. Discussion**

In his five-count complaint, Guarrasi alleges that Gambardella, individually and as part of a conspiracy with the other defendants, violated 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 1987 by depriving him of an adequate post-deprivation remedy as required by the First, Fourth, Fifth, Eighth and Fourteenth amendments as well as the Privileges and Immunities clause.[7] Gambardella argues that Guarrasi has already litigated these claims in his previous lawsuit before this court, which I dismissed as to most claims. *Guarrasi v. Gibbons*, No. 07-5475, 2008 U.S. Dist. LEXIS 81632 (E.D. Pa. Oct. 15, 2008) [hereinafter *Guarrasi I*]. Although Gambardella was a defendant in the previous suit, Guarrasi's claims are not barred by the doctrine of res judicata because he did not previously litigate to a final judgment on the merits any claims regarding

---

[7] Guarrasi alleges that Gambardella violated his rights under "the corresponding sections of the Pennsylvania Constitution" as well. The Supreme Court of Pennsylvania has not ruled on the issue of whether there is a private cause of action for damages under the state constitution. Although in *Jones v. City of Philadelphia*, the Commonwealth Court held that there is no separate cause of action for monetary damages under Article I, Section 8, the court implicitly accepted the predicate notion that a private right of action *could* exist under the Pennsylvania Constitution. 890 A.2d 1188, 1193-94 (Pa. Cmmw. 2006) (undertaking an extensive analysis to determine whether it was necessary for the court to create a remedy under the Pennsylvania Constitution.) Because of the principles espoused in *Jones*, Guarrasi's claims "raise a novel or complex issue of State law," a ground for which the court, in its discretion, may decline to exercise jurisdiction. 28 U.S.C. § 1367(c)(1); *see also Trump Hotels & Casino Resorts v. Mirage Resorts*, 140 F.3d 478, 487 (3d Cir. 1998) ("A court may decline to exercise supplemental jurisdiction over a state law claim where 'the claim raises a novel or complex issue of state law.'"). Accordingly, I will decline to exercise jurisdiction over Guarrasi's claims under the Pennsylvania Constitution and those claims will be dismissed without prejudice.

5

Gambardella's alleged failure to return his property.

Gambardella also argues that Guarrasi's claims are time-barred and lack merit. I addressed identical arguments in my previous memorandum opinion dated March 28, 2011, in which I granted several motions to dismiss by other defendants in this case as to the same claims. I incorporate by reference my previous memorandum and on the reasoning provided therein, I will grant Gambardella's motion to dismiss as to these claims.[8]

Guarrasi also asserts that Gambardella violated his rights by causing $2,000 of the cash seized on March 2, 2004, to be forfeited. Guarrasi denies consenting to a forfeiture agreement and Fink has denied making such an agreement with Gambardella on Guarrasi's behalf. This claim also lacks merit. I will therefore grant Gambardella's motion to dismiss in entirety.

### A. Claims Were Not Previously Litigated

Gambardella argues Guarrasi's claims were previously litigated. Res judicata serves as a "bar to relitigation of an *adjudicated claim* between parties and those in privity with them." *Transamerica Occidental Life Ins. Co.*, 292 F.3d 384, 392 (3d Cir. 2002) (emphasis added). To establish that the doctrine of res judicata applies, a party must demonstrate the following: (1) the same parties or their privies are involved in both suits; (2) both suits involve the same cause of action; and (3) there was a final judgment on the merits in the previous suit. *Saudi v. Acomarit*

---

[8] In that opinion, I concluded that Guarrasi's claims are time-barred and lack merit. *Guarrasi v. County of Bucks*, No. 10-1879, 2011 U.S. Dist. LEXIS 33036 (E.D. Pa. Mar. 28, 2011). Guarrasi had reason to know of the alleged injuries underlying his claims in 2006 or 2007, and the claims are therefore barred by the two-year statute of limitations. *Id*. at *24-29. Guarrasi's claims lack merit because Guarrasi fails to allege the basic elements required to state a claim under sections 1981, 1982, 1985, 1986, and 1987. *Id*. at *30-34. The section 1983 claim also fails against the individual defendants because they are entitled to qualified immunity. *Id*. at *35-38.

*Mar. Servs.*, 114 F. App'x 449, 454 (3d Cir. 2004) (non-precedential) (citing *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). In his previous suit, Guarrasi raised various claims against twenty-nine defendants, including Gambardella. But the two suits did not involve the same cause of action. To determine whether the suits involve the same cause of action, courts must employ a transactional approach examining "'whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same.'" *Duhaney v. AG of the United States*, 621 F.3d 340, 348 (3d Cir. 2010) (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)).

In *Guarrasi I*, Guarrasi alleged that defendants unlawfully took possession of three of his properties, transferred the deed to one of those properties without authorization, and otherwise possessed his personal property at each of the three locations. 2008 U.S. Dist. LEXIS 81632 at *3-4. He also raised many other claims, such as discrimination, invasion if privacy, municipal liability for fraud on the court and false arrest, search and seizure outside the scope of the search warrant, and harm to his reputation. *Id*. I dismissed the majority of claims pursuant to 28 U.S.C. § 1915(e)(2) except for three section 1983 claims, one of which was against Gambardella for the alleged unlawful transfer of the deed to one of Guarrasi's properties.[9] *Id*. at *25-26. Gambardella

---

[9] Among Guarrasi's claims that were not dismissed was a section 1983 claim against the Bucks County custodian of property for failure to return his property. *Guarrasi I*, 2008 U.S. Dist. LEXIS 81632, at *21, *27. I issued an order on May 27, 2009, dismissing the unnamed custodian of records as a party to the action because Guarrasi failed to comply with a previous scheduling order to name the John Doe defendant by April 20, 2009. Because the claim for failure to return seized property was only raised against the custodian, the dismissal of the John Doe defendant as a party to the action effectively prevented Guarrasi from pursuing this claim. That claim was not raised or actually litigated against Gambardella.

filed a motion for summary judgment on February 19, 2009, which I denied on August 27, 2009. *Guarrasi v. Gibbons*, No. 07-5475, 2009 U.S. Dist. LEXIS 77886 (E.D. Pa. Aug. 27, 2009). After a two-day bench trial, I concluded that Guarrasi's claim was time-barred and lacked merit, and ruled in favor of Gambardella. Transcript 3/15/2010 at 11, *Guarrasi v. Gibbons*, No. 07-5475, ECF. 187. The claims raised against Gambardella in *Guarrasi I* did not complain of the same acts or include the facts as Guarrasi's claims raised against defendants in this suit. *See Duhaney*, 621 F.3d at 348. Guarrasi's current claims are therefore not part of the same cause of action as the claims that were raised and actually adjudicated against Gambardella in the previous suit.

**B. Forfeiture Claim Lacks Merit**

Guarrasi argues that Gambardella violated his rights by directing $2,000 of the cash seized from him to be forfeited. The $2,000 at issue was allegedly paid by Guarrasi to a confidential informant as down payment for a "hit." (Compl. Ex. 13 "Letter 11/7/2006 Fink;" Ex. 26 "Letter 2/2/2010 Gorman.") According to the complaint and attached exhibits, the forfeiture occurred because of a purported verbal agreement between Gambardella and Fink, which was never reduced to writing. Guarrasi denies consenting to such an agreement and Fink has denied making an agreement with Gambardella on Guarrasi's behalf. Guarrasi's claim lacks merit.

Guarrasi claims that he learned for the first time in July 2009, that $2,000 of the seized money was forfeited. In Exhibit 26, the Bucks County Open Records Officer advised Guarrasi in February of 2010 that the seized money had been forfeited and deposited in the bank on July 7, 2005, by order of Judge Biehn. (Compl. Ex. 26 "Letter 2/2/2010 Gorman.") Two letters from

8

Fink in October and November 2006 show that Guarrasi had previously discussed the status of the seized money with his attorney. In response to questions submitted by Guarrasi on October 5, 2006, Fink replied that "no money had been forfeited in your case." (*Id*. Ex. 12 "Letter 10/20/2006 Fink.") Guarrasi again questioned Fink about the seized cash, specifically the $2,000 at issue here, in a letter dated November 1, 2006; Fink responded, "I don't know where the 'alleged' money given for the 'alleged' hit is. If you're saying that no money was given, I guess there's nothing seized. *If there was money given and therefore was seized, it is contraband*." (*Id*. Ex. 13 "Letter 11/7/2006 Fink" (emphasis added).)

Seized property that is determined to be contraband is subject to forfeiture. Pa. R. Crm. P. 588 ("If the motion [for the return of property] is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property be forfeited."). Fink informed Guarrasi on multiple occasions that he was working with Gambardella to retrieve the seized property, but never sought the return of property that was contraband. (Compl. Ex. 26 "Letter 3/29/2007 Fink" (including proposed stipulation that items be returned "except for . . . suspected contraband").)

"To state a *§ 1983* claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). Guarrasi's claim fails because Guarrasi has not alleged that Gambardella deprived him of any such right.

The money was forfeited by order of Judge Biehn on July 7, 2005, as a result of a verbal

9

agreement between Gambardella and Fink before the judge.[10] (Compl. Ex. 26 "Letter 2/2/2010 Gorman.") Fink represented Guarrasi's interests and is therefore the only significant signatory in any agreement regarding forfeiture who acted on behalf of Guarrasi. Although Fink claims that he does not recall making any such agreement on Guarrasi's behalf, (*Id*. Ex. 27 "Letter 2/18/10 Fink"), Fink has previously explained to Guarrasi that the $2,000 at issue was contraband. (*Id*. Ex. 13 "Letter 11/7/2006 Fink.") As discussed above, Fink worked with Gambardella to retrieve Guarrasi's property, but did not seek the return of property that he agreed to be contraband, which necessarily includes the seized cash. (Compl. Ex. 26 "Letter 3/29/2007 Fink.") Guarrasi does not allege any wrongdoing by Gambardella, who was working on behalf of the District Attorney's Office, in obtaining the order to forfeit the cash, or any constitutional deprivation caused by Gambardella's conduct. Gambardella's action in agreeing to the stipulation cannot, as a matter of law, be a violation of the Constitution or federal laws. Guarrasi's section 1983 claim against Gambardella for the forfeiture therefore lacks merit.

**IV. Conclusion**

Guarrasi alleges that Gambardella violated his constitutional rights by depriving him of a meaningful post-deprivation remedy to retrieve his seized property. For the reasons discussed in my previous memorandum opinion in this case, which I have incorporated by reference, these claims are time-barred and lack merit. Guarrasi also alleges that Gambardella caused $2,000 of the seized money to be forfeited without Guarrasi's consent. That claims lacks merit. I will

---

[10] The Bucks County docket does not reflect the entry of such an order. Even assuming that no such order exists, Guarrasi's claim fails because the money would be evidence or contraband and Guarrasi's PCRA petition is still outstanding.

therefore grant Gambardella's motion to dismiss.

An appropriate order follows.